IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| G. DANIEL MITCHELL and JOYCE L. MITCHELL, | ) ) ) | CV 12-127-M-DLC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| SUNTRUST ASSET FUNDING, LLC; SUNTRUST MORTGAGE, INC.; BANC OF AMERICA FUNDING CORP.; WELLS FARGO BANK, N.A.; SUNTRUST ALTERNATIVE LOAN TRUST, SERIES 2005-1F; SUNTRUST BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; WACHOVIA BANK, N.A.; DOES 1-20 INCLUSIVE, Jointly and severally, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs seek entry of default against Banc of America Funding Corp., despite the fact that Bank of America, N.A. entered its appearance over a month ago and informed the Court and parties that it was erroneously sued as Banc of America Funding Corp. Bank of America, N.A. opposes the motion.

Where a motion for default is contested before default is entered by the Clerk, a court may consider the same criteria that guide a motion to set aside a default: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

The factors do not support the entry of default in this case. Plaintiffs' own Return of Service indicates that Bank of America is authorized to accept service for Banc of America Funding Corp. and that it did in fact accept service at the Bank of America Tower in New York, New York, on August 15, 2012. Bank of America, N.A. then filed a motion to dismiss on September 7, 2012. Plaintiffs were granted an extension of time in which to answer; the deadline for a response was October 19. Instead, Plaintiffs filed a motion for entry of default against Banc of America Funding Corp., insisting that Bank of America, N.A. is "an officious interloper."

Bank of America, N.A. has diligently appeared in this action and defended itself, regardless of whether it is properly named "Bank of America, N.A." or "Banc of America Funding Corp," and its counsel has also now officially entered her appearance on behalf of "Banc of America Funding Corp." (doc. 41) lest there

be any confusion. Furthermore, its motion to dismiss indicates that it has several potentially meritorious defenses, and Plaintiffs will not be prejudiced if no default is entered because the litigation is in its earliest stages.

IT IS ORDERED that Plaintiffs' Motion for Entry of Default (doc. 40) against Defendant Banc of America Funding Corp is DENIED. To the extent that Plaintiffs' "Notice" (doc. 42) is intended to be a motion, it is also DENIED.

Dated this 23rd day of October 2012.

_____
Dana L. Christensen, District Judge
United States District Court